NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BERND SCHAEFERS,**
*Plaintiff-Appellant*

**v.**

**BLIZZARD ENERGY INC., FRANZISKA SHEPARD,**
*Defendants-Appellees*

**DOES 1-5,**
*Defendant*

---

2021-2130

---

Appeal from the United States District Court for the Central District of California in No. 2:20-cv-10710-RGK-AS, Judge R. Gary Klausner.

---

Decided:  April 22, 2022

---

BERND SCHAEFERS, Cambria, CA, pro se.

PETER S. VEREGGE, Cislo & Thomas LLP, Los Angeles, CA, for defendants-appellees.

---

Before MOORE, *Chief Judge*, NEWMAN and HUGHES,
*Circuit Judges.*

PER CURIAM.

Bernd Schaefers appeals a decision of the United States District Court for the Central District of California dismissing Mr. Schaefers' complaint for failure to state a claim upon which relief can be granted. We *affirm*.

## BACKGROUND

Mr. Schaefers sued Blizzard Energy, Inc. and Franziska Shepard in the Central District of California, accusing them of failing "to include [him] and his colleagues . . . as co-inventors" on certain patents. Appx10.[1] The defendants moved to dismiss Mr. Schaefers' complaint under Federal Rule of Civil Procedure 12(b)(6). They argued, *inter alia*, that Mr. Schaefers failed to plead sufficient factual allegations to state a plausible claim of inventorship. Appx123–25. The district court granted the motion and dismissed the complaint. Mr. Schaefers appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We apply regional circuit law in reviewing an order granting a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). The Ninth Circuit reviews such orders de novo, accepting all factual allegations in the complaint as true and construing the pleadings in the light most favorable to the nonmovant. *Id.* (citing *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005)).

---

[1] The complaint further alleged patent and copyright infringement, but Mr. Schaefers does not appeal the dismissal of those claims.

Mr. Schaefers first argues his complaint adequately stated a correction of inventorship claim. "Section 256 [of the Patent Act] creates a cause of action in the district courts for correction of non-joinder of an inventor on a patent." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004). "[A] person is a joint inventor only if he contributes to the conception of the claimed invention." *Id.* at 1359 (citation omitted). Mr. Schaefers contends the patents in question "were granted to Appellees under fraudulent circumstances in which the Appellant[']s description of invention was used without attribution . . . or acknowledging the Appellant to be the inventor or co-inventor." Appellant's Informal Br. 4. Mr. Schaefers does not, however, explain how his "description of invention" contributed to the invention's conception, nor does he point to any well-pleaded factual allegations on this issue. Accordingly, we discern no error in the district court's dismissal of Mr. Schaefers' correction of inventorship claim.

Mr. Schaefers next argues he has "a viable cause of action for fraudulent conversion" of the patents and for "a conspiracy to restrain trade" under the Sherman Act. *Id.* Because Mr. Schaefers did not raise these claims in his complaint, *see* Appx10–12, we will not consider them on appeal.[2]

Finally, Mr. Schaefers argues he was "entitled to amend his Complaint to allege fraud" and that the district court erred by not considering his "right to amend." Appellant's Informal Br. 2. A party "may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) . . . 21 days after service of a motion under Rule 12(b)." Fed. R. Civ. P. 15(a)(1). Outside of this timeframe, a party has no "right to amend." He must instead obtain

---

[2]    The complaint's caption alludes to claims of conversion, Appx5, but they do not appear anywhere in the body of the complaint.

4                           SCHAEFERS v. BLIZZARD ENERGY INC.

"the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Mr. Schaefers does not allege that he sought to amend his complaint within the allowable time. Accordingly, the district court did not err.

## CONCLUSION

Because the district court correctly dismissed Mr. Schaefers' complaint for failure to state a claim upon which relief can be granted, we affirm.

## **AFFIRMED**

### COSTS

No costs.